UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TROY G. MANTLE,

Plaintiff,

v.

MIKE CRUISE,

Defendant.

Civil No. 00-1689 (DSD/JMM)

**ORDER**

Plaintiff, a prisoner at the Federal Correctional Institution at Waseca, Minnesota, has filed a Complaint in which he claims that his former attorney did not provide competent legal representation during the criminal case that led to his current incarceration. Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), which is now before the Court. (Docket No. 2.)

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or

FILED JUL 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six-month period was $104.85. While the exact amount of Plaintiff's average monthly balance during that same period is not readily

apparent, it is evident that his monthly balance has been less than his average monthly deposits. Plaintiff's initial partial filing fee will therefore be twenty percent (20%) of his average monthly deposits -- i.e., $20.97, ($104.83 x 20% = $20.97). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed.[1] The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendant be served by the U.S. Marshal.[2] If the initial partial filing fee is not paid within thirty (30) days, Plaintiff will

---

[1] The financial information accompanying Plaintiff's IFP application shows that there have been regular deposits to his prisoner trust account during the past six months, and that he has been able to maintain a positive balance in that account. That being the case, the Court does not find Plaintiff to be wholly destitute, (see 28 U.S.C. § 1915(b)(4)), and it is expected that he will be able to pay the initial partial filing fee prescribed by this order.

[2] Although the Complaint in this case has not yet been thoroughly examined, a cursory inspection suggests that this action is not likely to survive initial screening, because subject matter jurisdiction appears to be missing in this case. Even though the Complaint alludes to Plaintiff's constitutional right to effective assistance of counsel, it appears that Plaintiff cannot bring a federal civil rights action against Defendant, because Defendant presumably was not acting under color of state or federal law while he was acting as Plaintiff's lawyer. See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390, 391 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.),

be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $20.97, failing which it will be recommended that the action be dismissed without prejudice.

Dated: July 27, 2000

JOHN M. MASON
United States Magistrate Judge

---

cert. denied, 429 U.S. 856 (1976). Thus, there appears to be no "federal question" here that would provide subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Nor does it appear that subject matter jurisdiction exists under the diversity of citizenship statute, (28 U.S.C. § 1332), because there is no indication that Plaintiff and Defendant are residents of different states. See Jones v Hadican, 552 F.2d 249, 250-51 (8th Cir.) (per curiam) (prisoner litigants are presumed to be residents of the states in which they resided before incarceration, unless there are persuasive factual allegations showing otherwise) cert. denied, 431 U.S. 941 (1977). Plaintiff may want to carefully consider whether federal subject matter jurisdiction can be established, before he makes a commitment to pay $150 to pursue his present lawsuit in federal court, rather than state court.