UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TROY G. MANTLE, Civil No. 00-1689 (DSD/JMM)

Plaintiff,

v.

REPORT AND RECOMMENDATION

MIKE CRUISE,

Defendant.

This matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Plaintiff commenced this action on July 18, 2000, by filing a Complaint in which he alleged that Defendant (an attorney) failed to provide adequate legal representation during several stages of Plaintiff's recently concluded criminal case. Plaintiff did not submit the $150.00 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Plaintiff is a prisoner, however, he is not entitled to IFP status unless he first complies with the initial partial filing fee requirements set forth at 28 U.S.C. § 1915(b). Therefore, by order dated July 27, 2000, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee, (which was determined to be $20.97), within thirty days. Plaintiff was advised that if he did not pay his initial partial filing fee within the time allowed, the Court would recommend that his action be dismissed without prejudice, for failure to prosecute.

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff responded to the Court's prior order by sending a letter to the Clerk of Court dated July 31, 2000. (Docket No. 4.) The principal objective of that letter is stated in its first sentence, which reads as follows:

> "In regards to the above case, please accept this letter as a motion to dismiss the case cited above due to jurisdictional issues."

Plaintiff's letter obviously must be construed as a request for a voluntary dismissal of this action. Because no Defendant has filed any answer or other response to Plaintiff's pleading in this matter, Plaintiff is entitled to voluntarily dismiss this action, as a matter of course, pursuant to Fed. R. Civ. P. 41(a).[1] It will therefore be recommended that this action be summarily dismissed without prejudice.

---

[1] Plaintiff's letter also alludes to the possibility of transferring this action to "the appropriate court in Lincoln, Nebraska." While such a transfer might be possible, (see 28 U.S.C. § 1631), the Court does not believe that a transfer would best serve the interests of justice. The Court notes that the opening sentence of Plaintiff's letter clearly calls for dismissal of this action, and Plaintiff has made no effort to identify any prejudice that he might incur if the case is indeed dismissed, rather than transferred. Furthermore, Plaintiff has not identified the court (state or federal) to which he would like to have this action transferred.

There is no indication that Plaintiff's claims have been voluntarily dismissed on any prior occasion, which means that this action must be dismissed without prejudice. See Fed. R. Civ. P. 41(a)(1) [final sentence]. Therefore, Plaintiff will be able to recommence his action in whatever court he deems appropriate. (Plaintiff should contact the clerk of that court to obtain any forms he may be seeking.)

RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a).

Dated: August 17, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before August 29, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.